UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DONLEY,   Plaintiff, | ) ) ) |
| vs. | ) No. 20-3068 ) |
| JEFF HART, et. al.,   Defendants. | ) ) ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review. After Plaintiff filed his original complaint, he filed a motion for leave to amend his complaint. [18]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [18].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has identified five Defendants including Parole Officer Jeff Hart, Parole Officer Roger Landon, House of Rainbow Manager David Kettlekamp, Parole Chief Jason Garnet, and Prisoner Review Board Member (PRB) Craig Findley.

Plaintiff filed his complaint pursuant to 42 U.S.C.§ 1983, but he has included allegations which are not appropriate for a civil rights lawsuit such as negligence, fraud,

1

embezzlement, breach of contract, etc. For instance, the Court cannot order the filing of criminal charges such as embezzlement. Criminal prosecutions are the function of state and federal prosecutorial authorities. *See Flynn v. Murray*, 2010 WL 5574458, at *1 (C.D.Ill. Jan. 7, 2010). In addition, "a defendant can never be held liable under §1983 for negligence." *Williams v Shaw*, 2010 WL 3835852 at 3 (S.D. Ill. Sept. 24, 2010) Therefore, the Court will instead focus on the alleged facts.

Plaintiff's complaint focuses on his parole revocation. Plaintiff was released to House of Rainbow Halfway House on May 1, 2019. Defendant Kettlekamp ran the facility and Defendants Roger Landon and Jeff Hart were Plaintiff's parole officers. Plaintiff lists several ongoing problems at House of Rainbow including unauthorized visitors, prostitutes, drug use, and theft. Plaintiff says he frequently complained about the problems, but nothing was done. In addition, Plaintiff says another resident punched him in the nose during a disagreement and broke Plaintiff's nose.

Plaintiff says when his time on electronic monitoring was over, Defendant Kettlekamp told Plaintiff he could stay at House of Rainbow if he paid rent. Plaintiff then paid for two additional months. Plaintiff later learned Defendant Kettlekamp could not ask for rent since because it was a state-run facility.

On November 6, 2019, Plaintiff's parole officers questioned Plaintiff about his stay at House of Rainbow and demanded to know why Plaintiff had not found his own place to live. Plaintiff asked for a few additional days to move in with a relative. Ultimately, Plaintiff was arrested and taken to Lincoln Correctional Center. Plaintiff says his cell phone and money were confiscated and never returned.

Plaintiff alleges the parole violation report was "<u>all Lies!</u>" (Amd. Comp, p. 15). Plaintiff then details each of the Parole Officer's allegations and why the claims were false. Plaintiff further states Defendant Jason Garnett is the Parole Chief and he is responsible for the parole officer's "criminal conduct and gross negligence." (Amd. Comp,. p. 24).

Plaintiff claims he was "illegally taken from House of Rainbow," transported to Lincoln Correctional Center, and then transferred to Stateville Correctional Center to appear before the Prisoner Review Board. Plaintiff claims his rights were never fully explained to him and he did not know he had a right to an attorney. Plaintiff appeared before the board on three occasions and explained why the alleged parole revocation was based on lies. Plaintiff was denied a request for counsel, but he also claims his attorney sent documents to the board for consideration. (Amd. Comp, p. 29). Plaintiff notes the board was aware of all the lies presented by the parole officers, but still sent him to prison.

Finally, Plaintiff says the conditions at House of Rainbow were deplorable including stains on the carpet, walls, and furniture; mattresses with stains and holes; a hole in the bathroom floor; bugs and mice; general disrepair; dirt, etc.

Plaintiff's claims concerning the false parole revocation report and proceedings are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* states a plaintiff may not pursue a §1983 claim for damages if success on the claim "would necessarily imply the invalidity of his conviction." *Id* at 487. This holding also applies to parole revocations. *See Hadley v. Quinn*, 524 F. App'x 290, 293–94 (7th Cir. 2013) (*Heck* applied to complaint

that parole board improperly revoked plaintiff's parole); *Laird v. Elliott*, 2019 WL 5725445, at *4 (S.D.Ill. Nov. 5, 2019)("*Heck* applies to challenges to revocation of parole.").

Plaintiff also makes several vague references to retaliation in his complaint. However, Plaintiff has failed to identify any protected First Amendment activity which sparked the alleged retaliation. *See Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009). Furthermore, Plaintiff's claim concerning the parole revocation would still be barred by *Heck*.

As for Plaintiff's claims concerning Defendant Findley, PRB members have absolute immunity from claims for damages under § 1983 for their participation in revocation proceedings. *See Walker v. Prisoner Review Bd.,* 769 F.2d 396, 398 (7th Cir. 1985); *Webb v. Godinez*, 2017 WL 2653142, at *4 (N.D.Ill. June 20, 2017).

In addition, Plaintiff's allegation that parole officers took his property fails to state a constitutional violation. *See Walton v. Illinois Dept. of Corrections*, 2012 WL 6755093, at *2 (N.D.Ill. Dec. 28, 2012) (plaintiff's claim that parole officers took his property and legal documents does not state a constitutional violation). The Illinois Court of Claims provides the plaintiff with an adequate remedy to redress his property loss.

Plaintiff has also failed to articulate an Eighth Amendment claim based on his living conditions at House of Rainbow.  Plaintiff was not incarcerated, he had a job, and his allegations do not suggest he was prevented from cleaning, obtaining necessities, or finding another residence. The Court "sees no basis to impose constitutional liability

4

upon parole officials merely because Plaintiff's approved housing happened to be in a state-provided halfway house, rather than a private residence." *Adams v. Lester*, Case No. 16-3010, June 20, 2016 Merit Review Order.

Plaintiff's complaint fails to state a claim upon which relief can be granted. The Court does not believe Plaintiff could cure the stated deficiencies if given additional time to amend.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [18].

2) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [5, counsel].

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 13th day of November, 2020.

                              s/ James E. Shadid
                _____
                              JAMES E. SHADID
                        UNITED STATES DISTRICT JUDGE